# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CALIXTO EFRAIN MARTINEZ MIRALLES,** § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | No. 1:24-CV-01205-DAE | |
| § | | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** § | | |
| *Defendant* § | | |

## ORDER

Before the Court are Experian Information Solutions, Inc.'s Opposed Motion for a Stay of Discovery Pending Resolution of Motion to Compel Arbitration Or, in the Alternative, for a Protective Order, filed January 30, 2025 (Dkt. 26); Plaintiff's Response, filed February 6, 2025 (Dkt. 28); and Defendants' Reply, filed February 6, 2025 (Dkt. 290). By Text Order issued February 11, 2025, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.[1]

### I. Background

Plaintiff Calixto Efrain Martinez Miralles brings this suit against Defendant Experian Information Solutions, Inc. Miralles alleges that Experian reported inaccurate credit information about him and failed to investigate the accuracy of that information, in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b) and 1681i. Dkt. 1.[2] Experian moved to compel arbitration of all claims under Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16. Dkt. 18.

---

[1] This case was reassigned to the Honorable Judge David A. Ezra on February 3, 2025. Dkt. 27.

[2] Miralles also named Hunter Warfield, Inc. as a defendant, but subsequently dismissed him under Rule 41. Dkt. 13. The District Court terminated Warfield as a party on December 17, 2024. Dkt. 14.

1

Experian argues that a written agreement between Miralles and Experian's affiliate ConsumerInfo.com, Inc. contains an arbitration clause requiring the parties to adjudicate all claims in arbitration before the American Arbitration Association. *Id.* at 10.

After Miralles served written discovery requests and notices of deposition on Experian, Experian filed this motion to stay discovery pending resolution of the motion to compel arbitration. Experian argues that requiring it "to engage in discovery in federal court would deprive it of the benefit of the bargain it struck with Plaintiff and vitiate the terms of the parties' agreement." Dkt. 26. at 2. Miralles opposes the motion to stay discovery, arguing that Experian has not shown good cause.

## II.     Analysis

The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). District courts also may stay discovery under Rule 26(c) for good cause, such as finding that further discovery will impose undue burden or expense without aiding resolution of dispositive motions. "To determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

The Court exercises its broad discretion to stay discovery pending resolution of the motion to compel arbitration. The Court agrees with Experian that if the parties engage in discovery while Experian's motion to compel arbitration is adjudicated, they will "'forever lose' their bargained-for rights to enjoy the advantages of arbitration." Dkt. 26 at 4 (citation omitted). For this reason, district courts routinely grant stays of discovery pending resolution of a motion to compel arbitration. *Herod v. DMS Sols., Inc.*, No. 4:23-CV-04465, 2024 WL 4535467, at *1 (S.D. Tex. Oct. 21, 2024) (collecting cases); *Ramirez v. Equifax Info. Servs., LLC*, No. 4:24-CV-94-SDJ-KPJ, 2024 WL 3259669, at *2 (E.D. Tex. July 1, 2024); *Rosales v. Coca-Cola Sw. Beverages LLC*, No. EP-18-CV-361-PRM, 2019 WL 13255746, at *1 (W.D. Tex. Apr. 3, 2019). Miralles identifies no discovery necessary to resolve the motion to compel arbitration, and "discovery is not needed to determine whether there is a valid agreement to arbitrate because the dispute can be decided as a matter of law." *Cameron Par. Recreation #6 v. Indian Harbor Ins.*, 92 F.4th 1152, 1154 (5th Cir. 2024) (per curiam).

For these reasons, the Court stays discovery pending the District Court's decision on Experian's Motion to Compel Arbitration.

### III.   Order

This Magistrate Judge **GRANTS** Experian Information Solutions, Inc.'s Opposed Motion for a Stay of Discovery Pending Resolution of Motion to Compel Arbitration (Dkt. 26). Discovery is **STAYED** pending further order of the Court.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on March 7, 2025.

                                                                             _____
                                                                             SUSAN HIGHTOWER
                                                                             UNITED STATES MAGISTRATE JUDGE