**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Calixto Efrain Martinez Miralles,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:24-cv-01205-DAE** |
| | § | |
| **Experian Information Solutions, Inc.,** *Defendant* | § | |

**ORDER**

Now before the Court is Plaintiff Calixto Efrain Martinez Miralles' Motion to Lift Stay and Proceed in Federal Court, filed October 3, 2025 (Dkt. 34).[1]

## I. Background

Martinez alleges claims against Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681x. On July 25, 2025, the Honorable David A. Ezra concluded that Martinez and Experian entered into a valid agreement to arbitrate, granted Experian's motion to compel arbitration, and stayed the case pending arbitration. Dkt. 31.

Martinez submitted his claims to the American Arbitration Association ("AAA") on August 4, 2025. Dkt. 34-1. In his demand for arbitration, Martinez listed as Experian's representative only Haytham Soliman, one of the two attorneys at the Jones Day law firm who entered an appearance on Experian's behalf; he did not list the other, associate Nicolas S. Aalberg. Dkt. 35-1 at 7. Experian represents that Soliman, of Houston, was local counsel "who had never once communicated with Plaintiff or his counsel," and Aalberg, of Minneapolis, was lead counsel. Dkt. 35 at 2. A paralegal with the law firm representing Martinez sent the initiating documents to both Soliman and Aalberg the same day. Dkts. 35-1 at 12, 37-1 at 2.

[1] By Text Order entered April 2, 2026, Judge Ezra referred the motion to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

On August 22, 2025, pursuant to its Consumer Arbitration Rules, AAA emailed an invoice for the $600 filing fee to Experian's counsel. The invoice had a due date of September 22, 2025, and the accompanying letter stated in bold type: "The requested payment should be received no later than 30 days from the date of this letter or the AAA may decline to administer this dispute if the business does not timely respond." Dkts. 34-2 at 2, 34-3 at 2. AAA sent the request for payment to Martinez's counsel of record but, for Experian, only to a Jones Day attorney who never entered an appearance in this case: John A. Vogt, of Irvine, California. Dkts. 34-2, 34-3, 37-3.

Experian's counsel "missed" the invoice. Dkt. 35 at 7. AAA did not send the invoice to Soliman or Aalberg, and Martinez's counsel did not forward it to them. Experian states that Vogt is "a senior partner at Jones Day who oversees thousands of cases for Experian." Dkt. 35 at 2-3. Later, Vogt mistakenly denied that AAA sent him the invoice, but also asserted: "AAA has been instructed on many occasions that invoices for Experian must be sent to me. I approve hundreds." Dkt. 37-2 at 2. Experian does not explain how Vogt "missed" this invoice.

Having received no fee, AAA declined to administer the arbitration and closed its file on September 30, 2025, stating that "either party may choose to submit its dispute to the appropriate court for resolution." Dkt. 34-4 at 2. Experian asserts that it "became aware of the issue shortly afterwards and immediately offered to pay." Dkt. 35-1 at 2. On October 2, 2025, AAA requested "confirmation from the Claimant [Martinez] to determine if they would like to reopen this case. Absent receipt of confirmation from Claimant to reopen this case, this case will remain closed." Dkt. 35-1 at 9. Martinez declined and filed his motion to lift the stay the next day. In violation of Local Rule CV-7(g), his counsel did not confer with opposing counsel before filing the motion.

On October 9, 2025, Experian filed a response opposing Martinez's motion and also wrote AAA asking it to reopen the arbitration or review its decision to close it, stating that Experian

"immediately offered to pay [the $600 filing fee] the moment it became aware of the problem." Dkt. 35-1 at 1. On October 27, 2025, AAA declined Experian's requests, emailing the parties:

> We note that though other attorneys at the firm were included on the request, we erred in not including the attorney listed on the demand form. Absent consent from the Claimant to move forward as originally filed the case will remain closed though the AAA will abide by any direction from the court should one be provided.

Dkt. 39-1 at 2.

## II. Analysis

Martinez argues that Experian waived its right to arbitrate by failing to participate in the arbitration and acting inconsistently with its right to arbitrate. It relies on *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022), in which the Supreme Court held that deciding whether a party waived arbitration requires the court to focus on the party's conduct: did it "knowingly relinquish the right to arbitrate by acting inconsistently with that right?" Arbitration agreements are contracts, and the Court held that the Federal Arbitration Act ("FAA")'s "policy favoring arbitration" is "about treating arbitration contracts like all others." *Id.* at 418. Martinez also cites *Garcia v. Fuentes Rest. Mgmt. Servs. Inc.*, 141 F.4th 671, 676 (5th Cir. 2025), in which the Fifth Circuit adopted the *Morgan* test, holding that "we now ask whether the party 'knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right'" (quoting *Morgan*, 596 U.S. at 419).

Martinez argues that "declining to pay arbitration fees is conduct inconsistent with any genuine intent to arbitrate." Dkt. 34 at 3. Even if Experian has not waived arbitration, Martinez contends, under Rule 10(a)(ii) of the AAA Consumer Arbitration Rules, AAA has sole discretion to stop the administration of an ongoing arbitration when a party fails to submit payment of requested fees. Martinez argues: "Whether the Court finds that Experian has waived its right to arbitrate by failing to remit timely payment as required by the forum, or that the incorporated AAA rules govern to mandate Plaintiff's claims be returned to federal court, the result is the same." Dkt. 34 at 4.

Experian argues that the AAA should have rejected Martinez's arbitration demand because he did not include "the name, address, telephone number, and email address of any known representative for each party," as required under AAA Consumer Arbitration Rule 4(a)(iv)(c). Experian also contends that *Garcia* does not apply to the payment of arbitration fees and that this is a fee dispute that must be raised with the arbitrator, not the Court. In reply, Martinez asserts that "the parties did not have a dispute about who should pay the arbitration related fees; Experian simply failed to pay its fees." Dkt. 37 at 4.

The Court agrees with Martinez that the relevant question is whether Experian knowingly relinquished the right to arbitrate by acting inconsistently with that right. *Morgan*, 596 U.S. at 419; *Garcia*, 141 F.4th at 676. Waiver may result from a "default in proceeding with such arbitration." FAA Section 3, 9 U.S.C. § 3.[2] Although the FAA does not define what it means for a party to be in default, the Fifth Circuit has explained that such a determination must be made on the particular facts of each case. *Ryan v. PayPal Inc.*, No. 3:25-CV-01223-E-BT, 2026 WL 662034, at *10 (N.D. Tex. Jan. 28), *R. & R. adopted*, 2026 WL 661703 (N.D. Tex. Mar. 9, 2026) (citing *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004)); *see also Engebretson v. Randolph-Brooks Fed. Credit Union*, No. 1:23-CV-1002-RP, 2024 WL 2871317, at *2 (W.D. Tex. May 21, 2024) (stating that what constitutes a waiver depends on the facts of each case).

Having carefully considered the record, the Court finds that Experian did not ***knowingly*** relinquish the right to arbitrate by acting inconsistently with that right. The record shows that neither counsel of record ever received the invoice. While Experian does not explain why its senior

[2] "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

partner "missed" the invoice, the record compels the conclusion that the failure to pay was inadvertent.[3]

This fact distinguishes this case from many others in which parties were found to be in default under Section 3 because of their refusal or inability to pay fees in an ongoing arbitration. *See, e.g.*, *Noble Cap. Fund Mgmt., L.L.C. v. US Cap. Glob. Inv. Mgmt., L.L.C.*, 31 F.4th 333, 336 (5th Cir. 2022) (holding that arbitration "has been had" when the parties substantially participated in arbitration that was terminated before final hearing after a fee dispute); *Ryan v. PayPal, Inc.*, No. 3:25-CV-01223-E-BT, 2026 WL 1960918, at *2 (N.D. Tex. July 6, 2026) (distinguishing *Noble* when "the parties never engaged beyond the initial filing because Plaintiff did not pay the filing fee as required by the parties' agreement to initiate merits proceedings"). This inadvertence also distinguishes the circumstances in this case from those in which arbitrators declined to initiate proceedings due to the defendant's prior noncompliance with their rules. *E.g.*, *Chongchitmate v. RD Am., LLC*, No. 1:23-cv-00012-DAE, 2024 WL 5364418 (W.D. Tex. Oct. 15, 2024); *Forby v. One Techs., LP*, 616 F. Supp. 3d 588, 602 (N.D. Tex. 2022), *appeal dismissed per stipulation sub nom. Stavis v. One Techs., L.L.C.*, No. 22-10770, 2023 WL 9550706 (5th Cir. Sept. 5, 2023).

The Court finds the circumstances presented here more like those in *Brown v. Santander Consumer USA Inc.*, No. 3:24-CV-00665-NJR, 2026 WL 386681, at *3 (S.D. Ill. Feb. 12, 2026), in which the court found that the defendant did not waive its bargained-for right to arbitration when AAA closed the case after its electronic payment did not go through but was willing to reopen it; *see also Jaramillo v. TXU Energy*, No. EP-20-CV-00115-DCG, 2021 WL 1177888, at *3 (W.D. Tex. March 29, 2021) (applying pre-*Morgan* standard and finding that defense counsel's failure to pay the AAA fee due to her hospitalization was not a default or waiver under the FAA).

[3] Another law firm now represents Experian. Dkt. 41 ¶ 3; Text Order entered June 22, 2026.

The Court finds that Experian's failure to timely pay the filing fee was neither a default nor a waiver of its right to arbitrate because there is no evidence that its act inconsistent with that right was done knowingly. *Morgan*, 596 U.S. at 419. Under Judge Ezra's Order granting Experian's motion to compel arbitration, the Court must enforce the parties' agreement to arbitrate. Dkt. 31 at 3 (quoting *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 97 (2012)).

## III. Conclusion

The Court **DENIES** Plaintiff's Motion to Lift Stay and Proceed in Federal Court (Dkt. 34) and **ORDERS** that Plaintiff Calixto Efrain Martinez Miralles' and Defendant Experian Information Solutions, Inc. shall submit their claims to arbitration pursuant to the terms of their agreement.

The Parties are **ORDERED** to file a joint status report 90 days from the date of this Order and every ninety days thereafter advising the Court on the progress of the arbitration.

The Court **ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on August 19, 2026.



SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE